UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   9:16-cv-81940

EVA THOMAS,
JEFFERSON ALEMAN,
CRYSTAL FLEMING, and
TYRONE GATHERS

        Plaintiffs,
vs.

PROTRANSPORTATION, INC., and
PEARL GOLDBLATT,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiffs, EVA THOMAS, JEFFERSON ALEMAN, CRYSTAL FLEMING, and TYRONE GATHERS (hereinafter, "Plaintiffs"), through counsel, sue Defendants, PROTRANSPORTATION, INC. and PEARL GOLDBLATT (hereinafter, "Defendants") and allege the following:

1. This is an action for unpaid overtime and minimum wage brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.  This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

2. Plaintiffs are past employees of Defendants and all events giving rise to this action arose in this Court's venue.

3. Defendant, PROTRANSPORTATION, INC., is a domestic for profit corporation, which conducts business within this judicial district.

4. At all times material hereto, Defendant, PROTRANSPORTATION, INC., was engaged in commerce in the transportation service business. In furtherance of said business, Defendant's employees handled or otherwise worked with goods or materials that have been moved in or produced for such commerce.

5. At all times material hereto, Defendant was the "Employer" of Plaintiffs as that term is defined under the statutes referenced herein and was an "Enterprise" as it, along with its employees, was engaged in interstate commerce as described above and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, PEARL GOLDBLATT, was a resident of the State of Florida and was, and now is, the managing agent, director and/or owner of Defendant, PROTRANSPORTATION, INC.; said Defendant acted and acts directly in the interests of the Defendant, PROTRANSPORTATION, INC., in relation to said co-Defendant's employees. Defendant, PEARL GOLDBLATT, effectively dominates PROTRANSPORTATION, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendant PEARL GOLDBLATT was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7. In justifiable reliance upon Defendants representations and promises, Plaintiffs accepted employment and began working for Defendants as drivers.

8. Plaintiff, EVA THOMAS, was an employee of Defendants from on or about June 8, 2015 to on or about August 26, 2016 (approximately 64 weeks). Throughout the entirety of her employment, she made $10.00 per hour and worked an average

of approximately 60 hours per week. Defendants failed to compensate her a straight-time rate and an overtime rate for all hours she worked in excess of 40 hours per week.  The damages incurred are as follows:

    a. 64 weeks worked x $10.00 per hour x 1.5 x 20 hours of unpaid overtime per week x 2 (liquidated damages) = $38,400.00.

9. Plaintiff, JEFFERSON ALEMAN, was an employee of Defendants from on or about March 15, 2013 to on or about August 26, 2016.  Throughout the entirety of his employment, he earned a flat salary of $550.00 per week and worked an average of approximately 65 hours per week (which equates to an hourly rate of $8.46). Defendants failed to compensate him a half-time (0.5) overtime rate for all hours worked in excess of 40 hours per week.  The damages incurred are as follows:

    a. 157 weeks worked (reflecting the applicable statute of limitations period) x $8.46 x 0.5 x 25 hours of unpaid overtime per week x 2 (liquidated damages) = $33,205.50.

10. Plaintiff, CRYSTAL FLEMING, was an employee of Defendants from on or about February 12, 2015 to on or about June 15, 2016 (approximately 18 weeks). Throughout the entirety of her employment, she made $10.00 per hour and worked an average of approximately 60 hours per week. Defendants failed to compensate her a straight-time rate and an overtime rate for all hours she worked in excess of 40 hours per week.  The damages incurred are as follows:

    a. 18 weeks worked x $10.00 per hour x 1.5 x 20 hours of unpaid overtime per week x 2 (liquidated damages) = $10,800.00.

11. Plaintiff, TYRONE GATHERS, was an employee of Defendants from on or about July 19, 2013 to present. Throughout the entirety of his employment, he made $9.00 per hour and worked an average of approximately 60 hours per week. Defendants failed to compensate him a straight-time rate and an overtime rate for all hours he worked in excess of 40 hours per week. The damages incurred are as follows:

   a. 157 weeks worked (reflecting the applicable statute of limitation period) x $9.00 per hour x 1.5 x 20 hours of unpaid overtime per week x 2 (liquidated damages) = $84,780.00.

12. Defendants knowingly and willfully failed to tender payment of wages owed to all Plaintiffs.

13. Plaintiffs complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

14. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**(ALL DEFENDANTS)**
**(UNPAID OVERTIME)**

15. Plaintiffs reaver and reallege paragraphs 1-14 herein.

16. Plaintiffs allege this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

17. Plaintiffs seek recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

### COUNT II
### (ALL DEFENDANTS)
### (BREACH OF CONTRACT)

18. Plaintiffs EVA THOMAS, CRYSTAL FLEMING, and TYRONE GATHERS reaver and reallege paragraphs 1-7, 8, 10, 11-14 herein.

19. Plaintiffs EVA THOMAS, CRYSTAL FLEMING, and TYRONE GATHERS entered into an oral agreement with Defendants to perform work in exchange for an agreed to payment of a certain contractual amount at the time of commencement of employment with Defendant.

20. Despite Plaintiffs EVA THOMAS, CRYSTAL FLEMING, and TYRONE GATHERS having performed the agreed to work, Defendants routinely shorted Plaintiffs' paychecks and paid them less than their agreed to contractual amount.

21. Plaintiffs EVA THOMAS, CRYSTAL FLEMING, and TYRONE GATHERS have been damaged as a result of Defendants failure to pay the agreed upon wages.

WHEREFORE, Plaintiffs demand judgment against Defendants, interest, attorney's fees and costs pursuant to Fla. Stat. § 448.08 and such other remedies as the court deems just and appropriate.

Goldberg & Loren, P.A.
100 South Pine Island Rd – Suite 132
Plantation, FL 33324
Phone:           (954)585-4878
Facsimile:      (954)585-4886
E-Mail:          JLoren@goldbergloren.com

_____
James M. Loren, Esquire
Bar No.: 55409